# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| QX LOGISTIX, LLC, | ) |
| Petitioner, | ) ) ) |
| vs. | ) C.A. No. 25-cv- |
| The UNITED STATES SMALL BUSINESS ADMINISTRATION and EVERETT WOODEL, JR., in his official capacity as acting Administrator of the United States Small Business Administration | ) ) **JURY TRIAL DEMANDED** ) ) ) ) |
| Respondents. | ) |

## PETITION FOR JUDICIAL REVIEW

Petitioner QX Logistix, LLC ("QX Logistix"), through counsel, hereby submits this Petition for Judicial Review against Respondents the United States Small Business Administration and Everett Woodel, Jr., in his official capacity as acting Administrator of the United States Small Business Administration (the "SBA").

## INTRODUCTION

1.  QX Logistix brings this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.  A true and accurate copy of the underlying administrative record is attached to this Petition as AR000001–AR016076.

3.  In early 2020, Congress responded to the COVID-19 Pandemic by enacting the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") (Pub. L. 116–136, 134 Stat. 281).

4.  Sections 1102 and 1106 of the CARES Act established the Paycheck Protection

Program ("PPP"), to be administered by the SBA.

5. As the SBA itself has recognized, the intent of the CARES Act was to assist eligible businesses impacted by the pandemic. *See* 86 Fed. Reg. 51589–90 (explaining that the CARES Act was designed "to provide relief to America's small businesses expeditiously" at a time when "many small businesses nationwide have experienced and continue to experience economic hardship" and "a dramatic decrease in economic activity" related to the COVID-19 Pandemic).

## RELEVANT PARTIES

6. QX Logistix is a small business incorporated as a limited liability company in Delaware on April 15, 2019. QX Logistix is in the business of providing warehousing, ecommerce fulfillment, distribution, and transportation services.

7. QX Logistix is the 100% owner and manager of QX Logistix, LLC ("Subsidiary"), a New York limited liability company that was incorporated on May 22, 2019.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this dispute under 5 U.S.C. § 702; 15 U.S.C. § 634(b)(1); and 28 U.S.C. §§ 1331, 2201.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 703.

10. This Court has authority to issue declaratory relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201, 2202.

11. The SBA Office of Hearings and Appeals ("OHA") affirmed the SBA's denial of QX Logistix's application for PPP loan forgiveness on November 19, 2024.

12. The OHA's denial became a final decision on December 19, 2024, per 13 C.F.R. § 134.1211.

13. QX Logistix is therefore entitled to judicial review of the OHA's final decision. *See* 13 C.F.R. § 134.1201(d) ("An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a Federal district court."); *see also id.* § 134.1211(g) ("Final decisions may be appealed to the appropriate Federal district court only.").

## FACTUAL BACKGROUND

14. QX Logistix and Subsidiary were originally formed to purchase certain assets from EZ Mailing Services, Inc. ("EZ") and United Business Freight Forwarders LLC ("UBFF") through the United States Bankruptcy Court for the District of New Jersey. *See* AR016029.

15. QX Logistix entered into an Asset Purchase Agreement and a Transition Services Agreement with EZ and UBFF on June 7, 2019. The Bankruptcy Court entered a final sale order acknowledging the sale. *See id.*

16. For approximately 30 days thereafter, EZ and UBFF continued to operate until QX Logistix secured Department of Transportation Operating Authority and the requisite insurance. *See id.*

17. For those 30 days, QX Logistix reimbursed EZ and UBFF for all operating expenses incurred, including payroll. *See id.*

18. By the end of July 2019, QX Logistix and Subsidiary assumed full authority and responsibility for all operations. *See* AR016030.

19. QX Logistix did not generate its own payroll until July 2019. *See id.*

20. QX Logistix was not "in business" during the period beginning on February 15, 2019, and ending on June 30, 2019. *See generally* AR016029-32.

21. QX Logistix and Subsidiary demonstrated their combined eligibility for a PPP loan

of $2,176,700.00 in a PPP application to the SBA in April 2020 (the "Combined Application"). *See* AR016026.

22. During the relevant period, QX Logistix incurred payroll costs of $6,045,648.02. *See* AR016031.

23. In the Combined Application, QX Logistix and Subsidiary calculated their loan amounts based on the methodology prescribed by Congress and the SBA at the time for a business that was not in business during the period beginning on February 15, 2019, and ending on June 30, 2019. *See* 15 U.S.C. § 636(a)(36)(E)(i)(II).

24. 15 U.S.C. § 636(a)(36)(E)(i)(II) states that a PPP loan "requested by an otherwise eligible recipient that was not in business during the period beginning on February 15, 2019 and ending on June 30, 2019" may calculate its loan entitlement by multiplying "the average total monthly payments by the applicant for payroll costs incurred during the period beginning on January 1, 2020 and ending on February 29, 2020" by 2.5.

25. The SBA's guidance for calculating PPP loan entitlement, at the time, stated, "For new businesses, average monthly payroll may be calculated using the time period from January 1, 2020 to February 29, 2020, excluding costs over $100,000 on an annualized basis for each employee." *See* AR016066.

26. The Combined Application was completed and submitted with the assistance of lender Newtek Small Business Finance, Inc. The Combined Application was for a $2,176,700 loan. It was approved on or about April 6, 2020 by the SBA. *See* AR016044.

27. After the Combined Application was approved, Newtek advised QX Logistix and Subsidiary to split the PPP loan into two separate loans—one for QX Logistix and one for Subsidiary. *See* AR016044-45.

28. QX Logistix and Subsidiary agreed. Accordingly, Newtek prepared and submitted updated applications for PPP loans (the "Updated Applications") on behalf of QX Logistix and Subsidiary. *See id.*

29. On May 13, 2020, Newtek funded SBA PPP loan number 6251097001 to QX Logistix in the amount of $1,541,000.00. *See* AR016045.

30. On May 13, 2020, Newtek funded SBA PPP loan number 9880327702 to Subsidiary in the amount of $635,700.00. *See id.*

31. Combined, the two PPP loan amounts reflected the Combined Application amount of $2,176,700.00 initially approved by the SBA for QX Logistix alone. *See id.*

32. In error, Newtek swapped the loan amounts attributed to QX Logistix and Subsidiary. That is, Newtek attributed $1,541,000.00 to Subsidiary and $635,700.00 to QX Logistix. *See id.*

33. QX Logistix and Subsidiary adhered to all PPP requirements governing use of the funds and used the loan proceeds for payroll, which was an approved business-related purpose. *See* AR016031.

34. When QX Logistix and Subsidiary applied for forgiveness (with Newtek's approval and assistance), however, the SBA "determined that" QX Logistix "was ineligible for the PPP loan amount received."[1] *See* AR016060.

35. The SBA approved Subsidiary's loan forgiveness application.[2]

---

[1] QX Logistix and Subsidiary had previously applied for loan forgiveness. The SBA denied that forgiveness application, too. But when QX Logistix and Subsidiary appealed to the SBA Office of Hearings and Appeals ("OHA"), the SBA withdrew its final forgiveness decision. The first forgiveness application and subsequent denial are not at issue in this Petition for Judicial Review.

[2] Subsidiary's PPP loan has been forgiven but is at issue in this Petition for Judicial Review to the extent this forgiveness was based on QX Logistix's information rather than Subsidiary's information..

5

36. The SBA denied QX Logistix's forgiveness application even though QX Logistix used the entirety of its PPP loan funds for eligible payroll expenses. *See* AR016060.

37. The SBA's rationale for its denial was that QX Logistix was "in business" prior to June 30, 2019, and therefore could only calculate its loan eligibility amount using 15 U.S.C. § 636(a)(36)(E)(i)(I), not 15 U.S.C. § 636(a)(36)(E)(i)(II). *See* AR016061.

38. QX Logistix appealed the SBA's denial of forgiveness to the SBA Office of Hearings and Appeals ("OHA"). *See* AR016012-76.

39. The OHA denied QX Logistix's appeal and affirmed the SBA's forgiveness denial. *See* AR000001-36.

40. QX Logistix now seeks judicial review of the SBA's erroneous forgiveness denial.

41. QX Logistix respectfully requests that this Court reverse the OHA's decision and declare that QX Logistix is entitled to forgiveness of the entire PPP loan it received.

## CLAIMS FOR RELIEF

42. The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

43. The APA further provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." *Id.* § 704.

44. Courts "will hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." *Id.* § 706(2)(A), (E).

### FIRST CAUSE OF ACTION
**(Agency Action Contrary to Law)**

45. QX Logistix incorporates the allegations of paragraphs 1 through 44 of this Petition

by reference, as if fully set forth herein.

46. The OHA held that it was not clear error for the SBA to conclude that QX Logistix was ineligible for the PPP loan amount it received.

47. That decision was contrary to law.

48. The statute governing loan forgiveness defines an "eligible recipient" as "the recipient of a covered loan." 15 U.S.C. § 636m(a)(10).

49. A "covered loan" means "a loan guaranteed under section 636(a)(36) of this title." *Id.* at § 636m(a)(1).

50. Therefore, as a recipient of a covered loan, QX Logistix is eligible for forgiveness:

> (b) FORGIVENESS. An **eligible recipient** shall be **eligible for forgiveness** of indebtedness on a covered loan in an amount equal to the sum of the following costs incurred and payments made during the covered period:
>
> (1) Payroll Costs.
>
> \*   \*   \*

15 U.S.C. § 636m(b).

51. In the face of this plain Congressional mandate—that recipients of PPP loans who use their loans for payroll costs are eligible for forgiveness—the SBA determined and the OHA affirmed that QX Logistix received a loan amount that was too large (despite having approximately four times that amount in payroll costs over the applicable period) and it was therefore ineligible for forgiveness.

52. This is contrary to the plain statutory language of the CARES Act. Having received a PPP loan in the amount of $1,541,000 in the first place and having complied with all other documentation and cost requirements, QX Logistix is eligible for full forgiveness of its PPP loan.

53. Further, OHA's decision that QX Logistix was ineligible to calculate its PPP loan

entitlement using 15 U.S.C. § 636(a)(36)(E)(i)(II) directly conflicts with the language of that statute because QX Logistix was not "in business during the period beginning on February 15, 2019 and ending on June 30, 2019."

54. As the United States Supreme Court recently noted in its interpretation of another empowering statute, "the duty of an administrative agency is to follow its commands as written, not to supplant those commands with others it may prefer." *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1355 (2018).

55. The SBA should not be permitted to deny QX Logistix's application for loan forgiveness on the ground that it was ineligible to calculate its loan entitlement under 15 U.S.C. § 636(a)(36)(E)(i)(II), in contravention of Congress' clear language and intent to the contrary.

56. The OHA's denial of QX Logistix's appeal on the aforementioned grounds is an abuse of discretion, violated the Act, and is contrary to law.

## SECOND CAUSE OF ACTION
### (Arbitrary and Capricious Agency Action)

57. QX Logistix incorporates the allegations of paragraphs 1 through 56 of this Petition by reference, as if fully set forth herein.

58. The SBA did not assert that QX Logistix used the wrong formula to calculate its loan entitlement until QX Logistix applied for loan forgiveness.

59. The SBA's assertion was and is contrary to law because QX Logistix qualified—and was required—to calculate its loan entitlement under 15 U.S.C. § 636(a)(36)(E)(i)(II).

60. Congress promised that "if you keep your workers on the payroll, that portion of the loan will be forgiven." 166 Cong. Rec. H1732, H1819. This promise was reinforced by Congress' statutory language, the SBA's own regulations, and the SBA's guidance.

61. Yet despite QX Logistix being approved for a PPP loan and spending all of it on

payroll, the SBA denied QX Logistix's application for loan forgiveness on the ground that QX Logistix should not have been approved for the entire loan amount in the first place.

62. QX Logistix's PPP loan application indicated how QX Logistix calculated its loan entitlement.

63. Newtek nor the SBA never advised QX Logistix during the application process that using the formula prescribed in 15 U.S.C. § 636(a)(36)(E)(i)(II) could disqualify QX Logistix from PPP loan forgiveness.

64. Nevertheless, the SBA pulled a bait-and-switch and denied QX Logistix's application for loan forgiveness even after approving its initial application for the PPP loan.

65. Estoppel may be invoked against a government agency when (1) the agency has engaged in conduct beyond "mere negligence," (2) the government's misconduct will cause a "serious injustice," and (3) holding the agency liable will not impose "undue damage" on the public interest. *Purcell v. United States*, 1 F.3d 932, 939 (9th Cir. 1993).

66. "Estoppel may be appropriate where an individual's interest in honorable, reliable dealings with the government outweighs the government's interest in enforcing the law free from estoppel." *Bd. of Cty. Comm'rs of Cty. of Adams v. Isaac*, 18 F.3d 1492, 1498–99 (10th Cir. 1994) (citations omitted).

67. The SBA's abrupt reversal of position regarding QX Logistix's amount of eligibility goes beyond mere negligence and would cause a serious injustice. It would be manifestly unjust to require QX Logistix to repay a loan it never would have received if the SBA's policy remained consistent. If QX Logistix had known that it would not qualify for forgiveness of a loan in the amount justifiably calculated based on its January 2020 and February 2020 payroll costs, it would not have taken on the obligation of more than $1.5 million to retain employees, but

would have laid off or let go employees to remain operational during the pandemic.

68. The SBA affirmatively processed QX Logistix's PPP loan application in the full amount of $1,541,000.00, with the understanding that the loan would be forgiven if the funds were used as directed (i.e., for payroll).

69. The entirety of QX Logistix's PPP loan was properly used for payroll costs.

70. Imposing estoppel against the SBA in these circumstances will not damage the public interest. Indeed, it would serve the public interest. The PPP loans were issued on a first-come, first-served basis with a finite amount of funds available. The government committed to forgive all loans that were properly used on payroll expenses.

71. QX Logistix's interest in honorable, reliable dealings with the government outweighs whatever interest the SBA may have in enforcing its misguided loan amount calculations in these circumstances.

72. The SBA's denial of QX Logistix's PPP loan forgiveness application, and the OHA's affirmance of that denial, was arbitrary and capricious, an abuse of discretion, violated the Act, and contrary to law.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner QX Logistix, LLC respectfully requests that the Court enter an order granting it the relief sought herein, for an award of its costs and attorneys' fees, and for such other relief as the Court deems proper under the circumstances. Accordingly, QX Logistix is entitled to an order from this Court including without limitation:

A. Issuing a declaratory judgment under 28 U.S.C. § 2201 that QX Logistix is entitled to loan forgiveness under the PPP Loan Program, in the amount of its original loan amount plus any applicable interest, under the plain language of the CARES Act;

B. Issuing a declaratory judgment that the SBA's and OHA's denial of QX Logistix's forgiveness application is not authorized by the CARES Act, are contrary to law, and arbitrary and capricious;

C. Compelling Respondents under 5 U.S.C. § 706 and 28 U.S.C. § 2202 to retain appropriations in an amount sufficient to fund QX Logistix's loan forgiveness, including any applicable interest, under the PPP Loan Program;

D. Compelling Respondents under 5 U.S.C. § 706 and 28 U.S.C. § 2202 to forgive QX Logistix's loan under the PPP Loan Program, including any applicable interest, consistent with the CARES Act and SBA regulations;

E. Awarding costs and fees to the extent permitted by law; and

F. Granting such other relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: January 21, 2025     **ARMSTRONG TEASDALE LLP**

*/s/ Jonathan M. Stemerman*
Jonathan M. Stemerman (No. 4510)
1007 Market Street, 3d Floor
Wilmington, DE 19801
Telephone: (302) 824-7089
Email: jstemerman@atllp.com

Angela B. Kennedy
(*pro hac vice* forthcoming)
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone: 314.621.5070
Fax: 314.621.5065
akennedy@atllp.com

*Attorneys for Petitioner*
*QX Logistics, LLC*

11