IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QX LOGISTIX, LLC, | ) |
|     Petitioner, | ) |
| v. | ) Civil Action No. 25-cv-90-MN |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION and KELLY LOEFFLER, in her official capacity as acting administrator of the United States Small Business Administration | ) |
|     Respondents. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Respondents, the United States Small Business Administration ("SBA") and Kelly Loeffler,[1] Administrator of the SBA (together, "Respondents"), by and through Shannon T. Hanson, Acting United States Attorney for the District of Delaware, and Jacob Laksin, Assistant United States Attorney, hereby answer the allegations of Petitioner QX Logistix, LLC's ("Petitioner") Petition for Judicial Review ("Petition") (D.I. 2) as follows.  Respondents deny all allegations not specifically admitted.

### PETITION FOR JUDICIAL REVIEW[2]

The allegations in the unnumbered paragraph on page 1 of the Petition state a legal conclusion to which no response is required.  To the extent a response is deemed required, it is

---

[1] Kelly Loeffler was sworn in as the administrator of the SBA on February 28, 2025 and is automatically substituted pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Respondents reproduce the headings and subheadings from the Petition for ease of reference only and do not construe them as requiring a response.  To the extent the headings and subheadings in the Petition are intended to constitute factual allegations, they are denied.

admitted only that Petitioner purports to bring this action against the Respondents, but denied that Petitioner is entitled to the relief sought in the Petition.

## INTRODUCTION

1. Paragraph 1 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, it is admitted only that Petitioner purports to bring this action pursuant to the Administrative Procedure Act and the Declaratory Judgment Act, but denied that Petitioner is entitled to any relief under those provisions.

2. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of the Petition, and therefore deny same.

3. Admitted.

4. Paragraph 4 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court to the CARES Act as the best evidence of its contents and deny any inconsistent allegations or characterizations.

5. Paragraph 5 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court to the referenced regulations as the best evidence of their contents and deny any inconsistent allegations or characterizations.

## RELEVANT PARTIES

6. Admitted, on information and belief, that Petitioner is a limited liability company incorporated in Delaware on April 15, 2019. Respondents lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 6 of the Petition, and therefore deny same.

7. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Petition, and therefore deny same.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Petition states a legal conclusion regarding jurisdiction to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court to the referenced statutes as the best evidence of their contents and deny any inconsistent allegations or characterizations. By way of further response, Respondents do not contest subject matter jurisdiction.

9. Paragraph 9 of the Petition states a legal conclusion regarding venue to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court to the referenced statutes as the best evidence of their contents and deny any inconsistent allegations or characterizations. By way of further response, Respondents do not contest venue.

10. Paragraph 10 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court to the referenced statutes as the best evidence of their contents and deny any inconsistent allegations or characterizations.

11. Admitted.

12. Paragraph 12 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court to the referenced federal regulation as the best evidence of its contents and deny any inconsistent allegations or characterizations.

13. Paragraph 13 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court

to the referenced federal regulations as the best evidence of their contents and deny any inconsistent allegations or characterizations.

## FACTUAL BACKGROUND

14. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Petition, and therefore deny same.

15. Admitted, on information and belief.

16. Admitted, on information and belief.

17. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Petition, and therefore deny same.

18. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Petition, and therefore deny same.

19. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Petition, and therefore deny same.

20. Denied.

21. Denied.

22. Denied.

23. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Petition, and therefore deny same.  By way of further response, Respondents deny that Petitioner was eligible to calculate its eligibility for an SBA loan based on the methodology applicable to loan recipients that were not in business during the period beginning on February 15, 2019 and ending on June 30, 2019, as set forth in 15 U.S.C. § 636(a)(36)(E)(i)(II).

24. Paragraph 24 of the Petition states a legal conclusion to which no response is required.  To the extent a response is deemed required, Respondents respectfully refer the Court

to the referenced statute as the best evidence of its contents and deny any inconsistent allegations or characterizations.

25. Paragraph 25 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court to the referenced guidance as the best evidence of its contents and deny any inconsistent allegations or characterizations.

26. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 26 of the Petition, and therefore deny same, except Respondents admit that, on or around April 6, 2020, Newtek Small Business Finance, Inc. ("Lender") transmitted to SBA a Paycheck Protection Program application, apparently executed by Petitioner, requesting a loan in the amount of $2,176,700.00. Respondents respectfully refer the Court to the PPP loan application as the best evidence of its contents and deny any inconsistent allegations or characterizations. Respondents deny any remaining allegations, and specifically deny that the SBA approved either Petitioner's or Subsidiary's applications for a PPP loan.

27. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 27 of the Petition, and therefore deny same.

28. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Petition, and therefore deny same.

29. Admitted, on information and belief.

30. Admitted, on information and belief.

31. Admitted that Petitioner and Subsidiary received PPP loans in the combined amounts of $2,176,700.00, but denied that the SBA approved the loans and further denied that Petitioner was eligible to receive a PPP loan in the amount of $1,541,000.00.

32. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Petition, and therefore deny same.

33. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Petition, and therefore deny same.

34. Admitted that the SBA determined, in part, that Petitioner was ineligible for a PPP loan in the amount received. By way of further response, Respondents respectfully refer the Court to the referenced SBA Final Loan Review Decision dated June 15, 2022 as the best evidence of its contents and deny any inconsistent allegations or characterizations. The footnote to Paragraph 36 of the Petition states factual characterizations and legal conclusions regarding Petitioner's allegations to which no response is required. To the extent a response is deemed required, denied.

35. Respondents admit the allegations in Paragraph 35 of the Petition. The footnote to Paragraph 35 of the Petition states factual characterizations and legal conclusions regarding Petitioner's allegations to which no response is required. To the extent a response is deemed required, denied.

36. Admitted only that the SBA denied Petitioner's application for loan forgiveness in the full amount requested. Respondents lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 36 of the Petition, and therefore deny same.

37. Admitted that Petitioner's application for PPP loan forgiveness was denied, at least in part, because the SBA determined that Petitioner was "in business" prior to June 30, 2019, and therefore was not permitted to calculate its eligibility for a PPP loan based on the methodology set forth in 15 U.S.C. § 636(a)(36)(E)(i)(II). By way of further response, Respondents respectfully refer the Court to the referenced SBA Final Loan Review Decision dated May 14, 2024 as the best evidence of its contents and deny any inconsistent allegations or characterizations.

38. Admitted.

39. Admitted.

40. Paragraph 40 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, it is admitted that Petitioner purports to seek judicial review of the SBA's denial of its PPP loan forgiveness application, but denied that the denial was erroneous and further denied that Petitioner is entitled to the relief sought in the Petition.

41. Paragraph 41 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied that there is any basis to reverse the SBA Office of Hearings and Appeals' ("OHA") decision finding that Petitioner was not entitled to forgiveness in the full amount of the PPP loan it received and further denied Petitioner is entitled to the relief sought in the Petition.

## CLAIMS FOR RELIEF

42. Paragraph 42 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court to the Administrative Procedure Act as the best evidence of its contents and deny any inconsistent allegations or characterizations.

43. Paragraph 43 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court to the referenced statute as the best evidence of its contents and deny any inconsistent allegations or characterizations.

44. Paragraph 44 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court

to the Administrative Procedure Act as the best evidence of its contents and deny any inconsistent allegations or characterizations.

### FIRST CAUSE OF ACTION

45. Respondents repeat and incorporate their responses to paragraphs 1 through 44 of the Petition, as if fully set forth herein.

46. Respondents admit that OHA held, in part, that the SBA's determination in its Final Loan Review Decision that Petitioner was ineligible for full forgiveness of the PPP loan was not based upon a clear error of fact or law, but was correct. By way of further response, Respondents respectfully refer the Court to the OHA's November 19, 2024 decision as the best evidence of its contents and deny any inconsistent allegations or characterizations.

47. Denied.

48. Paragraph 48 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court to the referenced statute as the best evidence of its contents and deny any inconsistent allegations or characterizations.

49. Paragraph 49 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court to the referenced statute as the best evidence of its contents and deny any inconsistent allegations or characterizations.

50. Paragraph 50 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, Respondents deny that Petitioner was eligible for forgiveness in the full amount of the PPP loan and respectfully refer the Court to the

referenced statute as the best evidence of its contents and deny any inconsistent allegations or characterizations.

51. Respondents admit only that the SBA determined that Petitioner was ineligible for a PPP loan in the amount it received, further determined that Petitioner was ineligible for forgiveness in the full amount of the PPP loan, and the SBA's decision was affirmed by OHA. Otherwise, denied.

52. Paragraph 52 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

53. Paragraph 53 of the Petition states legal conclusions to which no response is required. To the extent a response is deemed required, denied.

54. Paragraph 54 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, respectfully refer the Court to the referenced Supreme Court decision as the best evidence of its contents and deny any inconsistent allegations or characterizations.

55. Denied.

56. Denied.

## SECOND CAUSE OF ACTION

57. Respondents repeat and incorporate their responses to paragraphs 1 through 56 of the Petition, as if fully set forth herein.

58. Admitted only that the SBA determined at the time Petitioner submitted its application for loan forgiveness that Petitioner received a PPP loan amount for which it was ineligible due its use of an incorrect methodology for calculating the maximum eligible loan amount, but denied, to the extent alleged, that the SBA's determination was untimely, contrary to

9

law, or otherwise improper, or that the SBA is precluded at the forgiveness stage from reviewing a borrower's eligibility for a PPP loan.

59. Paragraph 59 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

60. Paragraph 60 of the Petition states legal conclusions to which no response is required. To the extent a response is deemed required, Respondents respectfully refer the Court to the referenced Congressional Record as the best evidence of its contents and deny any inconsistent allegations or characterizations. By way of further response, it is denied, to the extent alleged, that a statement by a single representative on the floor of the House of Representatives represents a "promise[]" enforceable by Petitioner.

61. Admitted that the SBA denied Petitioner's application for forgiveness in the full amount of the PPP loan after determining, in part, that Petitioner received a loan in an amount for which it was not eligible, but denied that the SBA's decision was untimely, contrary to law, or otherwise improper, or that the SBA is precluded at the forgiveness stage from reviewing a borrower's eligibility for a PPP loan. By way of further response, Respondents respectfully refer the Court to the SBA's Final SBA Loan Review Decision issued on May 14, 2024 as the best evidence of its contents and deny any inconsistent allegations or characterizations.

62. Admitted, on information and belief.

63. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 63 of the Petition regarding Petitioner's communications with Lender, and therefore deny same. Respondents deny the remaining allegations in Paragraph 63 of the Petition, and specifically deny that the SBA failed to provide notice to Petitioner at the time its

PPP loan application was submitted that borrowers ineligible for a PPP loan could be denied loan forgiveness, in whole or in part.

64. Denied.

65. Paragraph 65 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, denied that the SBA may be estopped from denying Petitioner's application for loan forgiveness. By way of further response, Respondents respectfully refer the Court to the referenced legal authority as the best evidence of its contents and deny any inconsistent allegations or characterizations.

66. Paragraph 66 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, denied that the SBA may be estopped from denying Petitioner's application for loan forgiveness. By way of further response, Respondents respectfully refer the Court to the referenced legal authority as the best evidence of its contents and deny any inconsistent allegations or characterizations.

67. Denied.

68. Denied.

69. Respondents lack knowledge or information sufficient to admit or deny the allegations in Paragraph 69 of the Petition, and therefore deny same.

70. Denied.

71. Denied.

72. Paragraph 72 of the Petition states a legal conclusion to which no response is required. To the extent a response is deemed required, denied.

**PRAYER FOR RELIEF**

The remainder of the Petition consists of Petitioner's prayer for relief to which no response is required. To the extent a response is required, Respondents deny that Petitioner is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

1. Petitioner's claims are barred, in whole or in part, because the Petition fails to state a claim for which relief can be granted.

2. Petitioner's claims are barred, in whole or in part, because OHA's decision affirming the SBA's denial of Petitioner's application for loan forgiveness in the full amount of the PPP loan was not arbitrary or capricious.

3. Petitioner's claims are barred, in whole or in part, because the federal government may not be estopped from denying a claim for payment of public money that is not otherwise permitted by law. *See Off. of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 426–33 (1990); *Admiralty Condo. Ass'n, Inc. v. Dir.*, No. CV 12-6881 (JAP), 2013 WL 12155968, at *5 (D.N.J. Nov. 26, 2013), *aff'd sub nom. Admiralty Condo. Ass'n, Inc. v. Dir., Fed. Emergency Mgmt. Agency*, 594 F. App'x 738 (3d Cir. 2014) ("[E]stoppel and waiver claims are not actionable against the federal government where the claimant is seeking public funds.").

4. Petitioner is not entitled to a jury trial with respect to its claims for judicial review under the Administrative Procedure Act. *See, e.g., Wolk L. Firm v. United States of Am. Nat'l Transportation Safety Bd.*, No. CV 19-1401, 2019 WL 5081996, at *5 (E.D. Pa. Oct. 10, 2019) ("The APA does not provide a right to a jury trial."); *Pellicano v. Off. of Pers. Mgmt.*, No. 3:11-CV-405, 2012 WL 4103891, at *3 (M.D. Pa. Sept. 18, 2012) ("[I]t is well settled that a jury trial is not available [under the Administrative Procedure Act]").

5.     Respondents reserve the right to amend this Answer and to assert additional defenses as this action proceeds.

WHEREFORE, Respondents deny that Petitioner is entitled to any of the relief sought in the Petition and respectfully request that this Court enter judgment in favor of Respondents and against Petitioner and award Respondents such other and further relief as the Court deems just and proper.

Dated: April 14, 2025

                                                    Respectfully submitted,

                                                   SHANNON T. HANSON
                                                   Acting United States Attorney

                                                   */s/ Jacob Laksin*
                                                   Jacob Laksin
                                                   Assistant United States Attorney
                                                   1313 N. Market Street
                                                   P.O. Box 2046
                                                   Wilmington, DE 19899-2046
                                                   (302) 225-9409
                                                   Jacob.laksin@usdoj.gov

                                                   *Attorney for Respondents*